■ LEATHIA A. CHEEK et al., Respondents, v COUNTY OF NASSAU et al., Defendants, and VINCENT FARINELLA et al., Appellants. [805 NYS2d 633]—

In an action to recover damages for personal injuries, etc., the defendants Vincent Farinella and Marlene Farinella appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Jonas, J.), entered August 16, 2004, as denied their motion pursuant to CPLR 3124 to direct the plaintiffs to provide authorizations for psychiatric records, and (2) an order of the same court dated January 6, 2005, as, upon reargument, adhered to the prior determination and denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order entered August 16, 2004, is dismissed, as that order was superseded by that portion

of the order dated January 6, 2005, which was made upon reargument; and it is further,

Ordered that the order dated January 6, 2005, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Leathia A. Cheek allegedly was struck by a car driven by the appellant Vincent Farinella as she was standing in the middle lane of three traffic lanes on Sunrise Highway. The appellants contend that Cheek appeared out of nowhere, wearing all black clothing, on a dark, foggy, drizzling morning. The appellants sought authorizations to examine Cheek's psychiatric records, contending that whether she was suicidal at the time of the accident was clearly at issue.

Contrary to the appellants' claim, Cheek, who has been in a persistent comatose state since the accident, did not place her mental condition in issue. Therefore, the Supreme Court properly denied the appellants' motion to compel the plaintiffs to provide authorizations for the release of the psychiatric records (*see Valerio v Staten Is. Hosp.*, 220 AD2d 580 [1995]).

Moreover, the Supreme Court properly denied the appellants' motion for summary judgment, since there are triable issues of fact regarding Farinella's alleged negligence and whether he exercised due care to avoid the accident. Florio, J.P., Krausman, Skelos and Covello, JJ., concur.